Randy Dale **MAYO,**
Petitioner–Appellant,

v.

James A. **LYNAUGH,** Director, Texas Department of Corrections, Respondent–Appellee.

No. 89–1127.

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1989.

---

1.  When this case was orally argued before and considered by the court, Judge Rubin was in regular active service. He participated in both the oral argument and the en banc conference.

    In *United States v. American–Foreign Steamship Co.,* 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), the Supreme Court, interpreting 28 U.S.C. § 371(b), decided which senior judges are eligible to participate in an en banc court. Compare *United States v. Cocke,* 399 F.2d 433, 435 n. 4 (5th Cir.1968) (en banc). As Judge Rubin reads the *American–Foreign Steamship Co.* opinion, he considered himself ineligible now to participate in the decision of this case, and he has not therefore done so.

Bradley C. Miles, San Angelo, Tex., court appointed, for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen. and Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

## ON PETITION FOR REHEARING

Before RUBIN, KING, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Both parties urge rehearing based on the Supreme Court's decision in *Penry v. Lynaugh*,[1] issued four days before the opinion was released in this case. *Penry* held that the evidence presented concerning Penry's mental retardation and abused childhood could not have been adequately considered as mitigating evidence, absent proper jury instruction, under the Texas capital sentencing scheme. We addressed Mayo's *Penry* claim in Part VI of our opinion:

> Mayo contends that the Texas capital punishment scheme is unconstitutional because the jury is prevented from considering mitigating evidence except on the issues of the deliberateness of the murder and the probability of future dangerousness. We are bound by the precedents of this circuit that have upheld the constitutionality of the Texas Statute,

and therefore we must deny relief on this claim. That the Supreme Court has granted certiorari in a particular case does not allow us to grant relief to other petitioners who raise a similar claim.[2]

Because the Supreme Court's decision in *Penry* brings into question the validity of some of the precedents on which we relied,[3] we modify as follows our holding denying relief on Mayo's claim that the jury was unconstitutionally prevented from considering all of his mitigating evidence. However, because the record does not sufficiently support a *Penry* claim, the petition for rehearing is denied.

■ Mayo's failure to raise his *Penry* claim at trial constitutes a procedural default under Texas law[4] that precludes him from raising it in this post-conviction proceeding, absent a showing of cause for the noncompliance and actual prejudice resulting from the alleged constitutional violation.[5] The decisions of this circuit on the issue whether a petitioner has shown cause-and-prejudice for failure to raise a *Penry* claim at trial have not been consistent.[6] Assuming, however, without deciding that the merits of the claim are before us, we are unable to grant relief.

■ At the sentencing phase of his trial, Mayo called eight witnesses who testified that he was not violent and did good deeds or who rebutted testimony of state witnesses concerning specific acts of violence by Mayo. Two witnesses also testified generally that Mayo's father was abusive: his mother stated that Mayo's father beat him, verbally abused him, and threatened the children with weapons; a former employer stated that Mayo's father whipped him. On federal habeas review, the district court, "having reviewed the record and questioned the Petitioner personally, deter-

---

1. —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

2. *Mayo v. Lynaugh*, 882 F.2d 134, 140 (5th Cir. 1989) (footnotes omitted).

3. *See id.* at n. 29 (citing *Graham v. Lynaugh*, 854 F.2d 715 (5th Cir.1988), *vacated remanded for further consideration in light of Penry*, —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989)).

4. *See Selvage v. Lynaugh*, 842 F.2d 89, 93 (5th Cir.1988).

5. *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977).

6. *King v. Lynaugh*, 868 F.2d 1400, 1406 (5th Cir.1989) (Rubin, J. concurring), *cert. denied*, —— U.S. ——, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989); *id.* at 1408 (Johnson, J. concurring).

360

mined that the Petitioner is familiar with *Penry v. Lynaugh* and has no additional evidence regarding mitigating circumstances to offer." On appeal and in response to the petition for rehearing, Mayo does not articulate, except in a conclusory manner, how the jury was unable to express its reasoned moral response and give effect to his mitigating evidence.[7]

For these reasons, the petition for rehearing is DENIED.

---

**7.** *See e.g., King,* 868 F.2d at 1405; *Bell v. Lynaugh,* 858 F.2d 978, 985 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989), *effect of order denying writ suspended pending disposition of petition for rehearing,* 1989 U.S. Lexis 3489 (U.S. Aug. 2, 1989).