United States Court of Appeals,

Fifth Circuit.

No. 93-1276

Summary Calendar.

Richard L. LOWE, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division, Respondent-Appellee.

Dec. 2, 1994.

Appeal from the United States District Court for the Northern
District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Richard Lowe appeals the denial of his petition for writ of habeas corpus for procedural default in the state courts. Because Lowe failed to raise his ineffectiveness of counsel and plea-voluntariness claims on direct appeal and in his first five habeas corpus petitions in state court, we affirm.

I.

In 1986, Lowe pled guilty in state district court to injury to a child, indecency with a child, and aggravated sexual assault. The state trial judge did not give Lowe permission to appeal as required by TEX.CODE CRIM.PROC.ANN. art. 26.13(3) (Vernon 1989).

Foreclosed from direct appeal, Lowe challenged his conviction through a surfeit of state habeas corpus petitions. After the fourth of these petitions, the state trial court determined that Lowe had abused the habeas process, and the Texas Court of Criminal

1

Appeals denied Lowe's application without written order.

Undeterred, Lowe filed a fifth habeas petition in state court. Relying upon the earlier finding that Lowe had abused the writ, the trial court did not reach the merits of his application. It did, however, explicitly determine that Lowe's complaints were all either repetitious or of a character such that they should have been raised in earlier petitions. In a written opinion, the trial court determined that Lowe had abused the habeas process for the second time. The Court of Criminal Appeals affirmed, holding that Lowe's complaints had been "waived and abandoned by his abuse of the writ of habeas corpus."

In his sixth state habeas petition, in 1990, Lowe finally got around to making the claims he is asserting in the instant federal habeas petition, alleging ineffective assistance of counsel and the involuntariness of his guilty plea. After reviewing the petition, the Court of Criminal Appeals issued an unpublished opinion expressly citing Lowe for abuse of the writ:

> A proper respect for the concept of justice which the office of the Great Writ is to protect, requires that applications be filed in earnest and that all contentions of merit be presented and ruled upon as expeditiously as possible.... If an applicant has grounds which would justify the granting of habeas corpus relief, he should present them for determination with dispatch, rather than doling them out one-by-one in repeated attempts to obtain relief....
>
> It is obvious [Lowe] is continuing to raise issues which have been presented and rejected or should have been presented on appeal and in his prior applications. We find [Lowe's] contentions have been waived and abandoned by his abuse of the writ of habeas corpus.

*Ex Parte Lowe*, Writ No. 18,225-06, Order (May 9, 1990) (citations omitted). The court also extended the prohibition to future

2

applications challenging the present conviction, absent a showing of good cause. *Id.*

The federal magistrate judge, relying upon the foregoing order, determined that Lowe's procedural default in the state courts precluded federal review absent a showing of cause and prejudice, which Lowe had not made. The district court adopted the recommendation of the magistrate judge in its final order.

## II.

A federal court may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the state, or [ ] there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (1988). A petitioner is generally not considered to have exhausted state remedies within the meaning of subsection (b) if "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988). In interpreting the exhaustion requirement, the Supreme Court has held that a petitioner generally need not utilize state habeas corpus or other state collateral proceedings to satisfy the requirement that he exhaust the available state remedies. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953).

Where the petitioner urges an issue he failed to raise on direct appeal, however, he must use available state collateral procedures to satisfy the exhaustion requirement. *Wade v. Mayo,*

3

334 U.S. 672, 677, 68 S.Ct. 1270, 1273, 92 L.Ed. 1647 (1948). Lowe did not pursue a direct appeal. Accordingly, he had a duty to exhaust state habeas remedies before turning to the federal courts.

Federal review of a habeas claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar. *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989). The issue before this court is whether a state "abuse of the writ" doctrine, explicitly relied upon by the state courts, constitutes such a procedural bar.

The Texas abuse-of-the-writ doctrine precludes Texas courts from granting habeas writs where the petitioner has failed, without cause, to address the same issue on direct appeal or in a previous petition. Set forth in *Ex parte Dora,* 548 S.W.2d 392, 393-94 (Tex.Crim.App.1977), the doctrine allows the court, after finding that petitioner has abused the writ, to refuse to accept or file the habeas petition absent a showing of cause that the contention could not have been raised in the prior proceeding.

The Texas abuse-of-the-writ doctrine, as set out by the courts and as applied to Lowe, bars review of issues that were not raised on direct appeal and issues that were not raised in prior state habeas petitions. Supreme Court precedent supports the conclusion that this type of a state procedural rule can be an adequate and independent state ground foreclosing federal habeas corpus review.

In *Murch v. Mottram,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194

4

(1972), the Court reviewed a federal district court's denial of a habeas petition on the ground that the Supreme Court of Maine had held petitioner's claims to be waived by his failure to raise them in a prior post-conviction proceeding. Quoting from its teachings in *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078-79, 10 L.Ed.2d 148 (1963), the Court stated that "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." 409 U.S. at 45, 93 S.Ct. at 73. The Court concluded that "[t]here can be no doubt that States may likewise provide, as Maine has done, that a prisoner seeking post-conviction relief must assert all known constitutional claims in a single proceeding." *Id.* This court and other circuits also have held state procedural bars to be adequate and independent state grounds for purposes of finding procedural default. *See, e.g., Wilcher v. Hargett,* 978 F.2d 872, 878 (5th Cir.1992), *cert. denied,* --- U.S. ----, 114 S.Ct. 96, 126 L.Ed.2d 63 (1993); *Booker v. Wainwright,* 764 F.2d 1371, 1379 (11th Cir.1985).

In *Wilcher,* we addressed the issue of how regularly a state rule must be followed for it to constitute a procedural bar. We reversed the district court's dismissal of a habeas petition because the Mississippi courts had not regularly and strictly asserted a procedural bar to claims not raised on direct appeal. The Texas courts have a history of regular application of the abuse

5

of the writ doctrine,[1] excepting only cases in which the issue in question "could not reasonably have been raised in previous applications, and presents important questions of law which should be resolved." *Choice,* 828 S.W.2d at 5 n. 1. This standard prevents an arbitrary disregard for the bar by a Texas court and entitles the abuse-of-the-writ doctrine to respect as an independent and adequate state ground.

A federal court can review a procedurally defaulted habeas claim if the petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). To excuse his procedural default relating to the ineffectiveness of counsel and plea-voluntariness claims, Lowe "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170, 102 S.Ct. at 1596. We need not reach the question of prejudice, as we agree with the magistrate judge and the district court that Lowe has made no showing of cause for his failure to assert the relevant claims in his earlier state habeas corpus petitions.

AFFIRMED.

---

[1]*See, e.g., Ex parte Choice,* 828 S.W.2d 5 (Tex.Crim.App.1992); *Ex parte Emmons,* 660 S.W.2d 106 (Tex.Crim.App.1983); *Ex parte Stuart,* 653 S.W.2d 13 (Tex.Crim.App.1983); *Ex parte Bilton,* 602 S.W.2d 534 (Tex.Crim.App.1980); *Dora.*