**Richard L. LOWE, Petitioner–Appellant,**

v.

**Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 93–1276

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 20, 1995.

---

Richard L. Lowe, pro se.

Elizabeth Elleson, Dan Morales, Atty. Gen., Mary Frances Keller, Asst. Atty. Gen., Austin, TX, for appellee.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The court *sua sponte* withdraws the opinion originally issued at 39 F.3d 90 (5th Cir. 1994) and later withdrawn from publication, and substitutes the following:

Richard Lowe appeals the denial of his petition for writ of habeas corpus. We affirm in part and reverse and remand in part.

## I.

In 1986, Lowe pleaded guilty in state district court to injury to a child, indecency with a child, and aggravated sexual assault. The state trial court did not give Lowe permission to appeal as required by TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(3) (Vernon 1989).

Foreclosed from direct appeal, Lowe challenged his conviction through a surfeit of state habeas petitions. After the fourth of these petitions, the state trial court determined that Lowe had abused the habeas process, and the Texas Court of Criminal Appeals denied Lowe's application without written order.

Undeterred, Lowe filed a fifth habeas petition in state court. Relying upon the earlier finding that Lowe had abused the writ, the trial court did not reach the merits of his application. It did, however, explicitly determine that Lowe's complaints were all either repetitious or of a character such that they should have been raised in earlier petitions. In a written opinion, the trial court determined that Lowe had abused the habeas process for the second time. The Court of Criminal Appeals affirmed, holding that Lowe's complaints had been "waived and abandoned by his abuse of the writ of habeas corpus."

In his sixth state habeas petition, in 1990, Lowe finally got around to making the claims he is asserting in the instant federal habeas petition, alleging ineffective assistance of counsel and the involuntariness of his guilty plea. After reviewing the petition, the Court of Criminal Appeals issued an unpublished opinion expressly citing Lowe for abuse of the writ:

> A proper respect for the concept of justice which the office of the Great Writ is to protect, requires that applications be filed in earnest and that all contentions of merit be presented and ruled upon as expeditiously as possible. . . . If an applicant has grounds which would justify the granting of habeas corpus relief, he should present them for determination with dispatch, rather than doling them out one-by-one in repeated attempts to obtain relief. . . .

It is obvious [Lowe] is continuing to raise issues which have been presented and rejected or should have been presented on appeal and in his prior applications. We find [Lowe's] contentions have been waived and abandoned by his abuse of the writ of habeas corpus.

*Ex Parte Lowe,* No. 18,225–06 (May 9, 1990) (citations omitted). The court also extended the prohibition to future applications challenging the present conviction, absent a showing of good cause. *Id.*

The federal magistrate judge reached the merits of several of Lowe's federal habeas claims. First, the magistrate judge found that errors that allegedly occurred in the course of a state habeas proceeding cannot serve as the basis of an action for federal habeas relief, and therefore Lowe's claims regarding access to the record of his trial in his state habeas proceedings and the handling of his petition for state habeas relief were not cognizable. Next, the magistrate judge found Lowe's breach of plea agreement and deficiency of the indictment claims to have been foreclosed by his guilty plea. Finally, relying upon the Texas Court of Criminal Appeals's abuse-of-the-writ order, the magistrate judge determined that Lowe's procedural default in the state courts precluded federal review of the ineffective assistance of counsel and plea-voluntariness claims, absent a showing of cause and prejudice, which Lowe had not made. The district court adopted the magistrate judge's recommendation.

## II.

■ A federal court may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the state, or [ ] there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (1988). A petitioner is generally not considered to have exhausted state remedies within the meaning of subsection (b) if "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988). A petitioner gen-

erally need not utilize state habeas corpus or other state collateral proceedings to satisfy the requirement that he exhaust available state remedies. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953).

■ Where the petitioner urges an issue that he failed to raise on direct appeal, however, he must use available state collateral procedures to satisfy the exhaustion requirement. *Wade v. Mayo,* 334 U.S. 672, 677, 68 S.Ct. 1270, 1273, 92 L.Ed. 1647 (1948). Lowe did not pursue a direct appeal. Accordingly, he had a duty to exhaust state habeas remedies before turning to the federal courts.

■ Federal review of a habeas claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar. *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989). The issue before this court is whether a state "abuse of the writ" doctrine, explicitly relied upon by the state courts, constitutes such a procedural bar.

■ The Texas abuse-of-the-writ doctrine precludes Texas courts from granting habeas petitions where the petitioner has failed, without cause, to address the same issue on direct appeal or in a previous petition. Set forth in *Ex parte Dora,* 548 S.W.2d 392, 393–94 (Tex.Crim.App.1977), the doctrine allows the court, after finding that petitioner has abused the writ, to refuse to accept or file the habeas petition absent a showing of cause that the contention could not have been raised in the prior proceeding. The doctrine bars review of issues that were not raised on direct appeal and of issues that were not raised in prior state habeas petitions.

■ Supreme Court precedent supports the conclusion that this type of state procedural rule can be an adequate and independent state ground foreclosing federal habeas review. In *Murch v. Mottram,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972), the Court reviewed a federal district court's denial of a habeas petition on the ground that the Supreme Court of Maine had held petitioner's claims to be waived by his failure to raise

them in a prior post-conviction proceeding. Quoting from its teachings in *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078–79, 10 L.Ed.2d. 148 (1963), the Court stated that "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." 409 U.S. at 45, 93 S.Ct. at 73. The Court concluded that "[t]here can be no doubt that States may likewise provide, as Maine has done, that a prisoner seeking post-conviction relief must assert all known constitutional claims in a single proceeding." *Id.* This court and other circuits also have held state procedural bars to be adequate and independent state grounds for purposes of finding procedural default. *See, e.g., Wilcher v. Hargett*, 978 F.2d 872, 878 (5th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 96, 126 L.Ed.2d 63 (1993); *Booker v. Wainwright*, 764 F.2d 1371, 1379 (11th Cir.), *cert. denied*, 474 U.S. 975, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985).

In *Wilcher*, we addressed the issue of how regularly a state rule must be followed for it to constitute a procedural bar. We reversed the district court's dismissal of a habeas petition because the Mississippi courts had not regularly and strictly asserted a procedural bar to claims not raised on direct appeal.

In *Ex parte Barber*, 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 739, 130 L.Ed.2d 641 (1995), the court considered the abuse-of-the-writ doctrine, concluding that it would be sound policy to apply it "in the future." Because the rule has not been regularly applied, it is not entitled to respect as an independent and adequate state ground. Accordingly, Lowe's ineffective assistance of counsel and plea-voluntariness claims are not procedurally defaulted.

For the reasons stated in the memorandum opinion and order, we affirm the district court's judgment on Lowe's claims challenging the constitutionality of TEX.CODE CRIM. PROC.ANN. art. 26.05 (West 1989) and contending that he is being restrained pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12 § 15(b) (now art. 42.18 § 8(b) (West Supp.

1993)). We reverse the dismissal of the ineffective assistance of counsel and plea-voluntariness claims and remand with instructions for the court to consider them on the merits. We intimate no view on how those issues should be decided.

AFFIRMED in part, REVERSED and REMANDED in part.