United States Court of Appeals,

Fifth Circuit.

No. 96-60549

Summary Calendar.

Phillip STOKES, Petitioner-Appellant,

v.

James V. ANDERSON, Superintendent, Mississippi State
Penitentiary, Respondent-Appellee.

Oct. 6, 1997.

Appeal from the United States District Court for the Southern
District of Mississippi.

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

A Mississippi state jury convicted Phillip Stokes of murder
during the commission of a robbery;  the court then sentenced him
to life imprisonment.  Stokes appealed, and the Mississippi Supreme
Court affirmed his conviction.  *Stokes v. State,* 548 So.2d 118
(Miss.1989), *cert. denied,* 493 U.S. 1029, 110 S.Ct. 742, 107
L.Ed.2d 759 (1990).

After collateral appeals in state and federal court, Stokes
filed a second petition for federal habeas relief, raising
seventeen claims.  A magistrate judge determined that nine of
Stokes' claims were procedurally barred,[1] some did not sound in

---

[1]The nine claims the magistrate judge suggested were
procedurally barred included those pertaining to the admission of
enlarged fingerprint evidence, the failure to grant a motion for
acquittal, the failure to sequester the jury, the denial of a
motion for a mistrial, allowing the prosecutor to lead witnesses,
permitting the admission of hearsay testimony by a police officer,
the denial of an impartial jury, the denial of the right to testify
by being forced to appear in court while bleeding and suffering
head injuries, and the refusal to use proffered jury instructions.

federal habeas, and the rest failed on the merits.  The district court then adopted the findings of the magistrate judge (with some changes) and dismissed Stokes' petition.

After the district court denied Stokes a certificate of appealability ("COA"), Stokes moved this court for a COA, arguing that the district court erred by dismissing any of his claims as procedurally barred.  This court granted Stokes a partial COA on the issue of "whether the Mississippi courts have consistently and regularly applied [the appellate bars of] MISS.CODE ANN. § 99-39-27(5) (1994) and MISS.CODE ANN. § 99-39-21(1) (1994)."[2]

I

We review *de novo* a district court's denial of federal habeas review based on a state procedural ground.  *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).  Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  A

---

[2]The only issue on appeal is the adequacy of the appellate bars of §§ 99-39-27(5) and 99-39-21(1).  Thus, we will not examine whether Stokes can show cause and prejudice or whether the court's failure to consider his claims would result in a fundamental miscarriage of justice.  *See generally Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

state procedural rule that bars consideration of an issue is not adequate unless it is "strictly or regularly followed." *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988); *see also Hathorn v. Lovorn,* 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims").

The Mississippi Supreme Court held that Stokes' claims were procedurally barred under §§ 99-29-21(1) and 99-39-27(5). Section 99-39-21(1) states that

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

MISS.CODE ANN. § 99-39-21(1). In turn, § 99-39-27(5) provides that

> [u]nless it appears from the face of the application, motion, exhibits, exhibits and the prior record that the claims presented by such are not procedurally barred under Section 99-39-21 and that they further present a substantial showing of the denial of a state or federal right, the court shall by appropriate order deny the application. The court may, in its discretion, require the attorney general upon sufficient notice to respond to the application.

MISS.CODE ANN. § 99-39-27(5).

As a threshold matter, we first determine that we need not consider whether Mississippi applies § 99-39-27(5) strictly or regularly. This section cannot operate as a *procedural* bar to review because it requires some evaluation, however cursory, of the merits of a petitioner's claim. Similarly, § 99-39-27(5) cannot be an *independent* state ground because it is not separate from the

merits of Stokes' claim under 28 U.S.C. § 2254(a) that he is being held in custody in violation of the Constitution or federal law.

In contrast, § 99-39-21(1) does contain an independent state procedural bar. The question, then, is whether this bar is "adequate," and this hinges on whether Mississippi has strictly or regularly applied it. *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir.1996). As a general rule, a procedural bar must be "firmly established and regularly followed by the time as of which it is to be applied." *Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850, 857-58, 112 L.Ed.2d 935 (1991). However, a state fails to strictly or regularly apply a procedural bar only when the state "clearly and unequivocally excuse[s] the procedural default." *Amos,* 61 F.3d at 342.

The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir.1995). Moreover, the petitioner must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself. *Martin,* 98 F.3d at 848; *Amos,* 61 F.3d at 340.

In attempting to show that Mississippi has not strictly or regularly applied the § 99-39-21(1) procedural bar, Stokes cites twenty-two Mississippi Supreme Court cases. However, none of these cases is particularly relevant, and most miss the mark by a wide margin. Twelve cases, for instance, do not involve any discussion of § 99-39-21(1), and another four cases are orders of the Mississippi Supreme Court granting Stokes leave to proceed in the

trial court. Two cases pertain to § 99-39-27(9) of the Mississippi Code. This provision generally bars second or successive state habeas petitions except in a number of specific situations, including "those cases in which the prisoner can demonstrate ... that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence...." One case deals with time and *res judicata* bars, not the § 99-39-21(1) procedural bar. In a couple of other cases, the Mississippi Supreme Court recognized plain error despite the fact that the time bar of § 99-39-5(2) or the bar on second or successive writs applied.

Only one of twenty-two cases Stokes cites involves the § 99-39-21(1) procedural bar. In this case, *Smith v. State,* 477 So.2d 191 (Miss.1985), the court reversed and remanded to correct a sentencing mistake, even though the § 99-39-21(1) procedural bar applied. The court explicitly waived the bar because it found that the sentencing mistake rose to a level of plain error and affected Smith's fundamental rights. However, Stokes does not allege that the state court made a error in sentencing him. Thus, he may not rely on *Smith* to show that the Mississippi Supreme Court does not strictly or regularly apply the § 99-39-21(1) procedural bar.

In short, Stokes has not pointed to a single case where the Mississippi Supreme Court case has failed to apply the § 99-39-21(1) procedural bar to a claim identical or similar to one of his own procedurally barred claims. Accordingly, Stokes has failed to carry his burden of showing inconsistent and irregular application

of the § 99-39-21(1) bar;  he has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.

II

For the foregoing reasons, we AFFIRM the judgment of the district court.  We also DENY Stokes' motion to file a reply brief in excess of the page limit set forth in Fifth Circuit Rule 28.1.