**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20826

_____


JEFF EMERY,

                                    Petitioner-Appellant,

VERSUS

GARY JOHNSON,
Director, Texas Department of Criminal Justice,
Institutional Division,

                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

April 15, 1998


ON PETITION FOR REHEARING

(Opinion September 10, 1997, 5th Cir. 1997, ____F.3d_____)

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:


On petition for rehearing, Emery urges us to reconsider our determination that the claims that he did not present in his first state habeas application are procedurally barred by Texas's common-law abuse-of-the-writ doctrine. In support of his contention that the common-law doctrine does not procedurally bar federal review of these claims, Emery offers a single published case, Ex Parte Fierro, 934 S.W.2d 370 (Tex. Crim. App. 1996), cert. denied, 117 S.

Ct. 2517 (1997), in which the Texas Court of Criminal Appeals (TCCA) addressed the merits of a successive habeas application, and a number of unpublished decisions of the TCCA in which he contends that the court addressed a habeas petitioner's claims on the merits even though the claims were presented for the first time in a successive habeas application.[*]  We conclude that these cases do not undermine our determination that Texas's common-law abuse-of-the-writ doctrine constitutes a state ground adequate to bar federal review of the claims that Emery did not present in his first state habeas petition.

We note as an initial matter that Emery contends in his petition for rehearing that, in evaluating the adequacy of a state procedural rule, "the proper point in time for determining whether a procedural rule was firmly established and regularly followed is 'the time of [the] purported procedural default.'"  (quoting Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (internal quotation marks omitted), petition for cert. filed, 66 U.S.L.W. 3531 (U.S. Jan. 27, 1998) (No. 97-1262)). We also note that Emery bears the burden of proving that Texas did not apply the doctrine with sufficient strictness and regularity during the relevant time

---

[*]  Emery cites the following cases:  Ex Parte Banks, Writ No. 13,568-03 (Tex. Crim. App. Jan. 10, 1996); Ex Parte Gibbs, Writ No. 23,624-02 (Tex. Crim. App. July 15, 1995); Ex Parte Burdine, Writ No. 16,725-06 (Tex. Crim. App. Apr. 6, 1995); Ex Parte Goodwin, Writ No. 25,290-02 (Tex. Crim. App. Jan. 27, 1995); Ex Parte Mata, Writ No. 8,937-02 (Tex. Crim. App. Jan. 27, 1995); Ex Parte Marquez, Writ No. 17,898-03 (Tex. Crim. App. Jan. 13, 1995).  In all of these cases, the Texas Court of Criminal Appeals summarily denied relief.  We assume without deciding that such summary disposition constituted a resolution of the cases solely on the merits.

period.  See Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997), cert. denied, 118 S. Ct. 1091 (1998); Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996).  Assuming *arguendo* that Emery's view of the law is correct, we conclude, for the reasons set forth below, that Texas strictly and regularly applied its common-law abuse-of-the-writ doctrine at the time of Emery's procedural default, that is, at the time that he failed to include all of the claims for which he seeks federal review in his first state habeas application.

In Fearance v. Scott, 56 F.3d 633 (5th Cir. 1995), a panel of this court acknowledged that, in the past, Texas courts had not applied the common-law abuse-of-the-writ doctrine with sufficient strictness and regularity to render the doctrine an adequate ground for barring later federal habeas review of a constitutional claim. See id. at 642 (citing Lowe v. Scott, 48 F.3d 873, 876 (5th Cir. 1995)).  However, the panel held that, as of the TCCA's decision in Ex Parte Barber, 879 S.W.2d 889 (Tex. Crim. App. 1994), the common-law abuse-of-the-writ doctrine was applied with sufficient strictness and regularity to render the doctrine an adequate state ground.  Fearance, 56 F.3d at 642.  Fearance thus stands for the proposition that, at least with respect to the time period between February 23, 1994, the date that the TCCA decided Barber, until June 18, 1995, the date that this court decided Fearance, Texas applied its common-law abuse-of-the-writ doctrine with sufficient strictness and regularity to render it an adequate state ground. We are bound to accept this conclusion.  See Narvaiz v. Johnson, 134 F.3d 688, 694 (5th Cir. 1998) ("It is more than

3

well-established that, in this circuit, one panel may not overrule the decision, right or wrong, of a prior panel in the absence of en banc reconsideration or superseding decision of the Supreme Court." (internal quotation marks and brackets omitted)).

Emery filed his first state habeas application on July 5, 1995, and the TCCA denied relief on August 1, 1995. In his petition for rehearing, Emery cites no cases decided between the date that this court decided Fearance and the date that he filed his first habeas application in which the TCCA addresses the merits of an abusive application. He cites only one such case--Ex Parte Gibbs, Writ No. 23,624-02 (Tex. Crim. App. July 15, 1995)--decided between the date we decided Fearance and the date that the TCCA denied relief on his first habeas application. Even if we assume that, up until the date that the TCCA denied relief on his first habeas petition, Emery could have amended his application so as to present the claims for which he now seeks federal review, thereby avoiding a procedural default, Emery has not demonstrated that Texas failed to apply its common-law abuse-of-the-writ doctrine with sufficient strictness and regularity to render it an adequate state ground as of the time of Emery's procedural default. We have held that "an occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate." Amos v. Scott, 61 F.3d 333, 342 (5th Cir. 1995).[**]

_____

[**] Additionally, because the Gibbs opinion merely consists of a one-page order summarily denying relief, it is unclear whether that case even involved claims similar to the ones that Emery seeks to have us review. "Because [Emery] has not demonstrated that the TCCA [did] not strictly or regularly apply

4

As such, Emery's presentation of a single case decided between the date of <u>Fearance</u> and the date the TCCA denied relief on his first habeas application cannot establish the inadequacy of Texas's common-law abuse-of-the-writ doctrine during the time period that Emery contends is germane to the determination of whether federal review of his claims is barred by an adequate and independent state ground.  Accordingly, we DENY Emery's petition for rehearing.

---

the [abuse-of-the-writ doctrine] to claims <u>identical or similar</u> to his . . . claim[s], we are convinced that the rule is an adequate state-law ground," at least with respect to the time period to which Emery urges us to look in evaluating the strictness and regularity of the rule's application.  <u>Amos</u>, 61 F.3d at 340-41.