Morehouse v. NH State Prison          CV-98-304-M    04/09/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Patrick Morehouse,
        Petitioner

        v.                                   Civil No. 98-304-M

Michael J. Cunningham, Warden
New Hampshire State Prison
        Respondent


**O R D E R**


        Patrick Morehouse's pro se petition for writ of habeas

corpus (28 U.S.C. § 2254) argues that his 1981 conviction for

attempted murder violated the double jeopardy provision of the

federal constitution, as well as his rights to due process, equal

protection and effective assistance of counsel.  Petitioner has

filed a motion for summary judgment and respondent has filed

motions to dismiss and for summary judgment.

        On March 15, 1979, Petitioner was convicted of attempted

murder after a jury trial in Hillsborough County Superior Court,

and was sentenced, on March 19, 1979, to an extended term of 10

to 30 years imprisonment.  Petitioner appealed his conviction to

the New Hampshire Supreme Court, arguing that (1) the state

failed to present sufficient evidence that petitioner intended

the death of his victim; (2) that he was not given notice that he

could receive an enhanced sentence for a crime involving

exceptional cruelty or depravity; (3) that the facts on which his

enhanced sentence was based were not found by a jury beyond a

reasonable doubt; and (4) that the court failed to make specific

factual findings supporting an enhanced sentence. The New Hampshire Supreme Court rejected each of petitioner's claims but, on rehearing, reversed petitioner's conviction on a different ground — an erroneous reasonable doubt instruction. See State v. Morehouse, 120 N.H. 738 (1980).

Petitioner was retried and was again convicted and sentenced to an enhanced 10 to 30 year prison term. Petitioner appealed his second conviction to the New Hampshire Supreme Court, arguing (1) that the state had not presented sufficient evidence of intent to kill and (2) that petitioner was entitled to both notice of the possibility that an enhanced sentence could be imposed, and a jury determination beyond a reasonable doubt of facts supporting an enhanced sentence.

The New Hampshire Supreme Court ordered petitioner's counsel to "file a memorandum explaining why the issues in this case are different from those considered by the court in [State v. Morehouse, 120 N.H. 738]." (Appendix G to Respondent's Answer (hereinafter cited as "App. __")) Petitioner responded that "the issues which would be briefed and argued in the [second] appeal would be identical to those argued and briefed in [the previous appeal]." (App. H.) The New Hampshire Supreme Court then summarily affirmed petitioner's second conviction, since resolution of the issues presented were subject to controlling precedent — Morehouse's own earlier case.

On March 8, 1996, Petitioner filed a petition for writ of habeas corpus in this court, Civil No. 96-138-B, that, after two

2

amendments, was dismissed without prejudice as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner's request for a certificate of appealability from the First Circuit Court of Appeals, which the court treated as a request for a certificate of probable cause, was denied on December 17, 1997.

Petitioner then filed, on December 29, 1997, a petition for writ of certiorari to the New Hampshire Supreme Court "to inspect for irregularities the procedures and methods th[e] Court utilized when it affirmed the petitioner's direct appeal" of his second conviction. (App. P.) The petitioner presented the following issues to the New Hampshire Supreme Court: (1) whether he was deprived of effective assistance of counsel when the court summarily affirmed his conviction without ordering a transcript of the retrial; (2) whether he was deprived of due process, equal protection and effective assistance of counsel when the court directed his counsel to file a memorandum explaining how the issues raised differed from those raised in his prior appeal and to indicate which witness testimony need not be transcribed; (3) whether he was deprived of due process when he was not notified that he could receive an extended sentence; (4) whether he was deprived of due process and equal protection when the court summarily affirmed his conviction three days before the New Hampshire legislature amended the extended sentencing statute to require pre-trial notice; and (5) whether the superior court on retrial made factual findings sufficient to support a determination of exceptional cruelty or depravity that were also

3

different enough from the facts used to prove the underlying crime to not subject petitioner to double jeopardy. On April 2, 1998, the Supreme Court denied Morehouse's petition for writ of certiorari.

Petitioner then filed a second habeas petition in this court, on May 11, 1998. He advanced the following grounds for his petition: (1) The New Hampshire Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when, on August 25, 1981, it summarily affirmed his conviction without first obtaining transcripts of his retrial; (2) the state did not present sufficient evidence to prove petitioner's guilt beyond a reasonable doubt; (3) imposition of an enhanced sentence subjected him to double jeopardy, and failure to give him notice that an enhanced sentence could be imposed violated his rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments of the United States Constitution; and (4) he was deprived of effective assistance of counsel on appeal. Petitioner also attempted to incorporate, in support of his petition, "'EACH AND EVERY FACTUAL GROUND' as appealed to the New Hampshire Supreme Court in State v. Morehouse, 120 N.H. 738 (1980)." (Emphasis omitted.)


## Discussion

Respondent moves to dismiss Morehouse's petition under Rule 9(a) of the Rules Governing § 2254 cases, which provides:

> A petition may be dismissed if it appears that the
> state of which the respondent is an officer has been

4

prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Respondent argues that the petitioner had knowledge of all grounds for his petition by August 25, 1981, when the New Hampshire Supreme Court summarily affirmed his conviction, yet he failed to file a habeas petition until March 8, 1996, after the stenographic records of his trial had been destroyed according to superior court practice.

Because the court dismisses petitioner's petition on alternative grounds, however, it need not resolve respondent's Rule 9(a) argument. Accordingly, respondent's motion to dismiss is denied without prejudice.

Both petitioner and respondent have moved for summary judgment. Respondent argues, <u>inter alia</u>, that some of petitioner's claims - namely, (1) that the New Hampshire Supreme Court's summary affirmance of his conviction violated his rights to due process, equal protection, and effective assistance of counsel; (2) that imposition of an enhanced sentence violated double jeopardy principles; and (3) that he received ineffective assistance by his appellate counsel - are unexhausted.

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir.

5

1997).  To satisfy the exhaustion requirement, the petitioner must fairly present his federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971).  It is not fair presentation of a claim, however, "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor.'" Castille v. Peoples, 489 U.S. 346, 351 (1989) (quoting Pa.Rule App.Proc. 1114).

Petitioner first asserted his ineffective assistance of appellate counsel claim in his initial federal petition for writ of habeas corpus, and first asserted the unconstitutionality of the New Hampshire Supreme Court's summary affirmance of his conviction in his second amendment to that petition.  Following dismissal of that petition, petitioner asserted those claims, and, for the first time, his double jeopardy claim, in a petition for writ of certiorari to the New Hampshire Supreme Court.  Like the petition for allocatur at issue in Castille, a petition for writ of certiorari to the New Hampshire Supreme Court, requesting it to exercise its original jurisdiction, will only be granted "when there are special and important reasons for doing so." N.H. Supreme Ct. R. 11.  Thus, Morehouse's petition for writ of certiorari did not fairly present his claims to the state courts for exhaustion purposes.  See Castille, 489 U.S. at 351.

The exhaustion requirement may still be satisfied if petitioner's claims are procedurally barred under New Hampshire law, see id.; however, petitioner has not shown this to be the

case.  Indeed, respondent's brief plausibly argues that petitioner could have filed (and still can file) a state habeas petition.  While the exhaustion principle does not require a petitioner to seek collateral relief in the state courts "based upon the same evidence and issues already decided by direct review," Castille, 489 U.S. at 350 (internal quotation marks omitted), where he asserts an issue not presented on direct appeal "he must use available state collateral procedures to satisfy the exhaustion requirement."  Lowe v. Scott, 48 F.3d 873, 875 (5th Cir. 1995).

Because Morehouse's latest petition is still "mixed," i.e., it presents both exhausted and unexhausted claims, it should be dismissed.  See Rose v. Lundy, 455 U.S. at 522; but cf. 28 U.S.C.A. § 2254(b)(2) (West Supp. 1998) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Before dismissing the petition, however, the court will allow Morehouse yet another opportunity to amend his petition so that it asserts only unexhausted claims.  If he chooses not to do so, as is his right, then the petition will be dismissed without prejudice to permit him to fairly present (and exhaust) all unexhausted federal claims to the State's courts.

## Conclusion

For the foregoing reasons, the respondent's motion to dismiss (document no. 15) is denied. The respondent's motion for summary judgment (document no. 14) is granted and the petitioner's motion for summary judgment (document no. 10) is denied. Within fifteen days of the date of this Order plaintiff may file a motion to amend his petition by withdrawing the referenced exhausted federal claims, failing which his petition for writ of habeas corpus will be dismissed, without prejudice, for failing to exhaust available state remedies.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

April 9, 1999

cc: Patrick Morehouse
    Malinda R. Lawrence, Esq.