IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60749
Summary Calendar

_____

CARTER GASTON, III,

Petitioner-Appellant,

versus

JAMES V. ANDERSON, Superintendent,
Mississippi State Penitentiary;
MIKE MOORE, Attorney General,
State of Mississippi,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-249-P-D
- - - - - - - - - -
April 25, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

Carter Gaston, III, Mississippi state prisoner # 45973, requests this court to grant him a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. Gaston raised the following claims in his petition: (1) trial and appellate counsel were ineffective; (2) the trial court imposed an illegal sentence; (3) the police conducted an illegal search; (4) the trial judge should have recused himself; (5) the grand jury foreman was improperly

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

selected; (6) the indictment was improper; (7) one of Gaston's convictions was improperly used to enhance his sentence; and (8) persons were improperly excluded from the jury. The Mississippi Supreme Court addressed the same issues, which had been raised in Gaston's state application for writ of habeas corpus. The state court held that Gaston's claims were waived and procedurally barred under Miss. Code Ann. § 99-39-21(1), except for the illegal search claim, which was barred by res judicata, and the claim of ineffective assistance of counsel, which the court found to be without merit.

When it dismissed the § 2254 petition, the district court held that the claims raised by Gaston were denied by the state court on independent and adequate state procedural grounds. *See Stokes v. Anderson*, 123 F.3d 858, 859-60 (5th Cir. 1997). As Gaston correctly points out, the ineffective-assistance claim was not denied on procedural grounds by the state court; therefore, he has made a credible showing that the district court erred when it dismissed the ineffective-assistance claim as procedurally barred.

Gaston's request for a COA is GRANTED on the issue whether trial and appellate counsel rendered ineffective assistance. On all remaining issues, Gaston has failed to make a credible showing that the district court erred when it dismissed his petition; therefore, COA is DENIED as to those issues. *See Sonnier v. Johnson*, 161 F.3d 941, 943 (5th Cir. 1998). The district court's order is VACATED and the case REMANDED for consideration of Gaston's ineffective-assistance claim.

COA DENIED in part; GRANTED in part; VACATED and REMANDED.