IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50818
Summary Calendar
_____

MICHAEL DWAYNE SUROVIK,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas, Dallas
USDC No. W-98-CV-365
_____
December 20, 2000
Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Dwayne Surovik (Texas prisoner #743897) appeals the
district court's denial of his 28 U.S.C. § 2254 petition.  He
challenges the district court's determination that his Doyle[1] claim
was procedurally barred based on state court findings that he had
defaulted the claim by failing to raise it on direct appeal.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Doyle v. Ohio, 426 U.S. 610 (1976).

Surovik was previously granted a certificate of appealability on the issue whether Texas strictly and regularly applies this particular procedural bar.

After reviewing the record and the briefs of the parties, we hold that Surovik has failed to rebut the presumption that this particular procedural bar is strictly and regularly applied in Texas.  See Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997). He has not pointed to a single case where a Texas court has failed to apply this particular procedural bar to claims that are "identical or similar" to his Doyle claim.  See Stokes v. Anderson, 123 F.3d 858, 860-61 (5th Cir. 1997).  Accordingly, the district court's judgment is

A F F I R M E D.