United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60280
Summary Calendar

_____

WILLIE JAMES HOLMES,

                                        Petitioner-Appellant,

versus

DOLAN WALLER; WILKINSON COUNTY CORRECTIONAL CENTER; MISSISSIPPI
DEPARTMENT OF CORRECTIONS; MIKE MOORE,

                                        Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-533
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Willie James Holmes was convicted of conspiracy to commit
murder and murder less than capital and sentenced to serve life
in prison.  Holmes filed the instant 28 U.S.C. § 2254 petition to
challenge his convictions and sentences, and the district court
denied the petition.  When reviewing the denial of a habeas
petition, this court analyzes the district court's findings of
fact for clear error and its legal conclusions de novo.  Martinez
v. Johnson, 255 F.3d 229, 237 (5th Cir. 2001).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holmes argues that his rights were violated at trial because the State proceeded on the theory that his coconspirator was the shooter, but the charges against this individual were later remanded.  The respondents argue that Holmes's claims are procedurally barred.  The respondents are correct.  See Fairman v. Anderson, 188 F.3d 635, 641 (5th Cir. 1999); see also Stokes v. Anderson, 123 F.3d 858, 860-61 (5th Cir. 1997).  Holmes has not shown cause and prejudice to excuse this default, nor has he shown that a manifest miscarriage of justice would occur if the merits of these claims were not considered.  See Smith v. Johnson, 216 F.3d 521, 524 (5th Cir. 2000).  The judgment of the district court is AFFIRMED.