# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-60760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2014

Lyle W. Cayce
Clerk

DERWIN ROGERS,

Petitioner-Appellant

v.

THE STATE OF MISSISSIPPI; CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-600

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Derwin Rogers, Mississippi prisoner # L2701, appeals the dismissal of his 28 U.S.C. § 2254 application in which he challenged his conviction on four counts of forcible rape. The district court granted a certificate of appealability (COA) on whether Rogers sustained his burden of demonstrating that the procedural bar set out in Miss. Code Ann. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60760

99-39-21(1) was not consistently and regularly applied to claims identical or similar to Rogers's claims challenging (1) the denial of a continuance which, in turn, he alleges, resulted in denial of his counsel of choice, and (2) the denial of an amendment to his indictment.

We "review de novo a district court's denial of federal habeas review based on a state procedural ground." *Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997). Under the procedural-default doctrine, federal courts are precluded from federal habeas review where the last state court to consider the claims raised by the applicant based its denial of relief on an independent and adequate state-law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To satisfy the "independent" and "adequate" requirements, the state court's dismissal must clearly and expressly reflect that it rests on a state procedural bar, and the bar must be strictly or regularly applied by state courts to the vast majority of similar claims. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). As the applicant, Rogers has the burden of establishing that the state did not strictly or regularly follow a procedural bar around the time of his denial of relief in state court. *Stokes*, 123 F.3d at 860.

Rogers contends that his claims concerning the denial of counsel of choice and the substantive amendment to the indictment constitute errors that affected his fundamental rights. He argues that these errors are now excepted from the procedural bar set forth in Miss Code Ann. § 99-39-21(1). Relying on *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), he insists that he has sustained his burden of showing that Mississippi courts have not been consistent in applying the procedural bar to issues affecting fundamental rights.

Although Rogers cites cases purporting to establish that the rights underlying his claims of denial of counsel of choice and improper substantive amendment of the indictment are "fundamental rights," none shows that such

claims are exempt from the procedural bar of § 99-39-21(1) or that the Mississippi Supreme Court has failed to apply the procedural bar at issue to claims identical or similar to those that Rogers seeks to raise. As Rogers has not identified specific instances when the Mississippi Supreme Court did not apply the procedural bars to claims identical or similar to those he seeks to raise, he has not met his burden of establishing that the procedural bars were not strictly or regularly applied "to the vast majority of similar claims." *Martin*, 98 F.3d at 847 (internal quotation marks and citation omitted); *see also* *Stokes*, 123 F.3d at 860-61.

The judgment of the district court is AFFIRMED.