CARL E. STEWART, Circuit Judge,
specially concurring:
While I join the majority’s opinion, I write separately because the Mississippi Supreme Court failed to “clearly and expressly” hold that Bell’s claims were procedurally barred due to a violation of Miss. Code Ann. § 99-39-9. Nonetheless, I concur in the judgment affirming the district court. Bell has failed to raise a claim that would allow this court to grant relief under the highly deferential standard set out in the Antiterrorism and Effective Death Penalty Act (“AEDPA”), 28 U.S.C. § 2254(d).
This court has previously explained that we will not review “a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment.” Amos v. Scott, 61 F.3d 333, 338 (5th Cir.1995). The majority opinion concludes that the Mississippi Supreme Court’s decision rests on a state ground that is independent of the merits of Bell’s federal claims. Specifically, the majority opinion states that Bell did not meet the procedural requirements found in Miss.Code Ann. § 99-39-9, which sets out the standards for filing a petition for post-conviction collateral relief. I disagree.
In Amos, we explained that
[procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court rendering a judgment in the case has “clearly and expressly” indicated that its judgment is independent of federal law, e.g., rests on a state procedural bar.
Id. at 338 (emphasis added). Thus, one must carefully examine the Mississippi Supreme Court’s opinion to determine if it “clearly and expressly” indicated that it *81 denied Bell’s claims based on independent state law grounds.
In Bell II, the Mississippi Supreme Court addressed three broad issues raised by Bell on appeal: (1) “timeliness”, (2) “ineffective assistance of counsel at culpability phase”, and (3) “ineffective assistance of counsel during the penalty phase.” See generally, Bell II, 879 So.2d at 423. In addressing Bell’s second claim, the Mississippi Supreme Court addressed and analyzed fourteen separate sub-issues over a span of ten pages: (A) cumulative error, (B) counsel’s qualifications, (C) secure adequate funds for investigation, (D) secure funds for experts needed, (E) investigate critical aspects of defense, (F) jury questionnaires, (G) discrimination in jury pool, (H) voir dire, (I) meaningful and consistent theme of defense, (J) impeachment of witness, (K) stipulation of State’s expert evidence, (L) objection to evidence, (M) attendance of witnesses, and (N) jury instructions. Id. at 430-A0. The majority opinion’s holding rests on the Mississippi Supreme Court’s treatment of sub-issue (M), which states:
Bell claims that counsel was ineffective because he failed to secure the attendance of witnesses to corroborate his alibi. Save Bernard Gladney, Bell fails to name the witness counsel failed to call. In a motion under Miss.Code Ann. § 99-39-9, Bell is required to: “name the state of Mississippi as respondent and shall contain ... affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion.” See also Lewis v. State, 776 So.2d 679, 682(P16) [sic] (Miss.2000) (the statute requires affidavits of those witnesses that will testify). This issue is without merit.
Id. at 440 (emphasis added).
This brief discussion by the Mississippi Supreme court is the entire analysis the majority opinion rests its holding on. But this passage does not “clearly or expressly” hold that Bell’s claims are procedurally barred due to a failure to adhere to Miss. Code. Ann. § 99-39-9. This point is especially notable because in discussing sub-issue (N), the Mississippi Supreme Court explicitly states “this issue is procedurally barred in accordance [with] Miss.Code Ann. § 99-39-21(2) & (3) (2000).” Id. (emphasis added). I conclude that the Mississippi Supreme Court did not “clearly and expressly” indicate that Bell was procedurally barred due to a violation of § 99-39-9. The Mississippi Supreme Court made no such express holding, instead it said Bell’s claim was “without merit.” That disposition is not the same as holding that Bell’s claims were procedurally barred. The words “without merit” are not synonymous with “procedurally barred.”
Furthermore, I disagree with the majority opinion’s conclusions regarding the requirements found in § 99-39-9, which governs the requirements of motion and service for post-conviction proceedings. Section 99-39-9 states that a motion must contain several items, including the following.
(e) A specific statement of the facts which are not within the prisoner’s personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the produc *82 tion of which he requests the court to excuse.
Miss.Code Ann. § 99-39-9(l)(e) (emphasis added).
I do not dispute that Bell failed to exhaust his administrative remedies with respect to the eight previously unnamed witnesses. The concern is whether Bell properly presented evidence of what Gladney would have testified to during the state court trial. If Bell had planned to call Gladney as a witness during a post-conviction proceeding, then he would have been required to attach an affidavit from Gladney to his petition for post-conviction collateral relief. He did not do so. But Bell did attach and cite to an extradition hearing where Gladney testified that Bell was in Memphis at the time of the crime at issue in this case. This qualifies as a “record” under § 99 — 39—9(l)(e), and was properly before the Mississippi Supreme Court. The majority opinion states that “Bell could not have established prejudice ... without bringing live testimony from these witnesses.” That is an assumption, albeit not an unreasonable one. That assumption, however, does not negate the fact that the Mississippi Supreme Court failed to “clearly and expressly” state that Bell’s claims on sub-issue (M) were procedurally barred as is required under Amos.
I now briefly turn to the merits of Bell’s ineffective assistance of counsel claim.[1] Federal habeas petitioners must demonstrate that the state court’s adjudication was either: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Federal habeas relief is merited only when the state court decision is both incorrect and objectively unreasonable regardless of whether this court would reach the same conclusion. Woodford v. Visciotti, 537 U.S. 19, 27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). Bell has failed to meet this burden.
After a careful review of the Mississippi Supreme Court’s opinion, I can find no “objectively unreasonable” application of Supreme Court law related to the ineffective assistance of counsel claim. It is important to remember that the inquiry under AEDPA focuses solely on the state court’s application of Supreme Court, not court of appeals, law. I mention this because under the law of this circuit, Bell has a rather strong claim for ineffective assistance of counsel. Before Congress passed AEDPA, this court held that failure to investigate known alibi witnesses constitutes ineffective assistance of counsel. Bryant v. Scott, 28 F.3d 1411, 1418 (5th Cir.1994). Bell has not cited, and I have not found, a Supreme Court case with a similar holding as that found by this court in Bryant regarding a failure on the part of counsel to investigate known alibi witnesses. Thus, Bell has failed to establish that the Mississippi Supreme Court’s decision is an incorrect or objectively unreasonable application of Supreme Court law. I would therefore affirm the district court’s judgment on the merits of Bell’s ineffective assistance of counsel claim.

. I recognize that the majority opinion also rests its holding on the conclusion that Bell waived his right to argue that Gladney’s affidavit serves as merely supplementary evidence to that presented before the Mississippi Supreme Court. I believe the issue of waiver is a much closer call than the majority opinion suggests. Because I would affirm the district court's judgment on the merits, I do not reach the waiver issue.